UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL TERRELL WILLIAMS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:11-CV-49 RM |
| ) | (Arising out of 3:07-CR-133 RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION and ORDER

Michael Williams pleaded guilty to possession with intent to distribute marijuana, in violation of 21 U.S.C. 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(two of four counts charged in the indictment), and the court sentenced him to 120 months' imprisonment on Count 1, and to a consecutive 72-month term of imprisonment on Count 2 (18 U.S.C. § 924(c)(1)(A)(I)), for an aggregate term of 192 months. The court of appeals dismissed Mr. Williams' appeal. Mr. William is now before the court requesting that his sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Mr. Williams's petition was filed more than two years after sentence was imposed on September 16, 2008 and more than one year after his appeal was dismissed on November 4, 2009, and is barred by the waiver in Mr. Williams's plea agreement and his procedural default. Mr. Williams didn't raise an ineffective assistance of counsel challenge on appeal, or respond to the court of appeals' invitation to comment on appellate counsel's motion to withdraw because counsel couldn't discern a non-frivolous basis for appeal. "[A]bsent a show of cause for the procedural default and actual prejudice resulting from the errors [alleged], the failure to raise an issue which could have been raised on direct appeal precludes § 2255 review." Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989). Mr. Williams has shown neither. A new attorney was appointed for him on appeal, but he contends that he didn't raise an ineffective assistance of counsel claim because appellate counsel told him it was frivolous. The court agrees.

Mr. Williams's plea agreement reveals that he was told of and understood the maximum sentences for the offense to which he was pleading guilty, and that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. The plea agreement was signed by Mr. Williams, his attorney Clark Holesinger, and Assistant United States Attorney Donald Schmid and contained the following language in paragraph 9:

(c) I understand that the maximum penalties for a violation of Title 21, United States Code, Section 841(a)(1) as charged in count 1 of the Indictment are: (with a prior drug felony) a maximum of 10 years imprisonment, a $2,000,000 fine, or a combination of both imprisonment and a fine, as well as a four-year period of supervised release to follow any term of imprisonment and a mandatory special assessment of $100. I understand that the maximum penalties for a violation of Title 18, United States Code, Section 924(c), as charged in Count 2 of the Indictment are: a mandatory minimum of 5 years imprisonment up to a maximum of life imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a five-year period of supervised release to follow any term of imprisonment and a mandatory special assessment of $100.

(d) I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines and this plea agreement. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Paragraph 12 of Mr Williams' plea agreement states:

I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

Despite the waivers and admissions in his plea agreement, he now challenges his sentence, contending that his trial counsel was ineffective because he didn't warn Mr. Williams that he would be subject to a career offender enhancement under U.S.S.G. § 4B1.1, and told him he'd "be looking at no more than 66-88 months even with [his] t[wo] prior convictions."

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Williams stated at his change of plea hearing that his plea was knowing and voluntary, that he had read and understood the terms of the plea agreement, that he told his counsel everything counsel needed to know to represent him in this case, that he had discussed the plea agreement with his counsel before the plea hearing, that he understood he was giving up his right to appeal or otherwise challenge his sentence, and that he was satisfied with the representation his counsel had provided. At the plea hearing, Mr. Williams told the court that he understood what the maximum penalties were for the offenses to which he was

4

pleading, that the court had the authority to impose any sentence within the statutory maximum set for his offenses, and that no one had made any promises or predictions, other than those contained in the plea agreement and the predictive review of the sentencing guidelines, as to what his sentence would be. [Doc. No. 36]. Mr. Williams also told the court that he was selling marijuana out of his home in October 2007 and was protecting himself with a handgun while doing so, and admitted that he was guilty of the offenses charged in Counts 1 and 2 of the indictment.

Mr. Williams's sworn statements at his change of plea hearing are presumed to be truthful, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and the record supports a finding that his guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of Mr. Williams' right to appeal and to file a § 2255 petition, the court explained the waiver to him during the plea colloquy, and Mr. Williams acknowledged that he understood. Because Mr. Williams's plea was informed and voluntary, the waiver of his right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

Mr. Williams hasn't alleged that his counsel was ineffective in negotiating the plea or the waiver of his right to challenge his sentence contained in his plea agreement, Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000), but

5

contends only that his counsel was ineffective because he predicted that Mr. Williams would receive a lower sentence. While a sentence greater than the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Williams received a 120-month sentence on Count 1, and a consecutive 72-month term of imprisonment on Count 2–for an aggregate sentence of 192 months. The sentence was within the statutory maximums and well below the low-end sentence (262 months) recommended by the Sentencing Guidelines and the Government. To the extent Mr. Williams contends that he was provided ineffective assistance because his attorney advised him that his sentence would be "no more than 66-88 months," his claim is unsupported by the record, doesn't relate to the negotiation of the waiver of his right to appeal, and is foreclosed by the plea agreement, in which Mr. Williams expressly agreed that "the Court ha[d] jurisdiction and authority to impose any sentence within the statutory maximum set for [his] offense(s) as set forth in th[e] plea agreement," and waived his right to appeal or challenge his sentence and the manner in which it was determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).

To the extent Mr. Williams' claim relating to ineffective assistance of counsel could be construed as relating directly to the negotiation of the plea agreement, he can't succeed on his petition. "To prevail on his ineffective assistance claim, [Mr. Williams] must demonstrate that his counsel's performance fell below an

objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Williams] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Williams] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Williams hasn't alleged he wouldn't have pleaded guilty had counsel acted differently. United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005). During the plea hearing, the court asked Mr. Williams the following question:

> . . . So if the court gives a sentence that is different–maybe more severe than what your attorney argues, or what your attorney told you that you would likely get or predicted what the judge would do, or greater than what the guidelines say, or maybe even greater that what the United States argues–that will not be a basis for you to withdraw your guilty plea; do you understand that?

[Doc. No. 36 at pp. 15-16]. Mr. Williams said he did. He hasn't set forth any legal arguments his counsel could or should have raised, or outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable, especially in light of his admission that he distributed marijuana in October 2007, and possessed and carried a handgun in order to protect himself while engaged in that activity. Mr. Williams hasn't suggested "a reasonable probability that, but

7

for counsel's unprofessional errors, the result of the proceeding would have been different." Taylor v. Bradley, 448 F.3d at 948.

Mr. Williams isn't entitled to the relief he seeks. Accordingly, the court SUMMARILY DISMISSES his petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 47].

SO ORDERED.

ENTERED:   February 7, 2011

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: M. Williams
    AUSA Schmid